HENRI J. BOURRE *vs.* THE TEXAS COMPANY.

MARCH 11, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This action of trespass on the case for negligence is brought to recover consequential damages sustained by plaintiff on account of injuries received by his son Arthur when run over by one of defendant's motor trucks. Arthur Bourre also brought an action against defendant to recover damages for his injuries. These two cases were before this court in 1928 on defendant's exceptions, *Bourre* v. *The Texas Co.*, 49 R. I. 364, and new trials were ordered. The cases were again tried together and are again before this court on exceptions.

In the case of Arthur Bourre the jury returned a verdict for the defendant. In this case the same jury returned a verdict for the plaintiff and assessed damages in the sum of $15,000. In each case the jury answered three special findings.

In this case defendant filed a motion for a new trial on the grounds that the verdict was against the law and the weight of the evidence. The trial justice granted this motion. Plaintiff took no exception to this action. On this record the verdict has been set aside and there is to be a new trial of the case.

Defendant also filed a motion for judgment *non obstante veredicto* and a motion to set aside the general verdict and enter judgment upon the special findings. The trial justice denied these two motions. Defendant has brought the case to this court by exceptions to the denial of these motions.

Defendant claims that the special findings are inconsistent with the general verdict for the plaintiff; that they show that the driver of defendant's truck was not negligent and that judgment should be entered for the defendant. The exceptions must be overruled. The conflicting testimony

as to liability in this case presented the same issues of fact which were presented at the previous trial. In our former opinion we held that the issues of fact must be determined by the jury and that defendant's motions for directed verdicts were correctly denied.

At this trial the Superior Court properly submitted the issues of fact to the jury. After receiving the verdict that court had jurisdiction to set aside the verdict and order a new trial upon motion duly made by either party aggrieved by the verdict. §§ 4629, 5120, G. L., 1923. The three special findings were attached to and made a part of the verdict. The trial justice set aside the verdict when he granted defendant's motion for a new trial. The verdict, including the special findings, is now of no effect for it has been set aside. Defendant does not claim to be aggrieved by the granting of its motion for a new trial. The verdict and special findings having been set aside, there is nothing in the record upon which defendant can base its motions for a judgment *non obstante veredicto*. In this state of the record it is unnecessary to decide whether the Superior Court has jurisdiction to order judgment *non obstante veredicto*. *Enos* v. *Enos*, 48 R. I. 470.

All of the defendant's exceptions are overruled. The case is remitted to the Superior Court for a new trial.

*Eugene L. Jalbert*, for plaintiff.
*John R. Higgins*, for defendant.